1

2

3

UNITED STATES DISTRICT COURT

4

DISTRICT OF NEVADA

5

* * *

6

7

PHYLISS HUFF,

                Plaintiff,

8                                                           2:10-CV-01394-PMP-GWF

      v.

9

NORTH LAS VEGAS POLICE

10    DEPARTMENT; OFFICER GARCIA;

      JOSEPH FORTI; MICHAEL                                 ORDER

11    BLACKWELL; SHAYNE SKIPWORTH;

      JAKE HICKMAN; GARY NELLIS;

12    GEORGE MIDDLEBROOK; and CITY

      OF NORTH LAS VEGAS,

13

                Defendants.

14

15              Presently before the Court is Defendants' Motion to Dismiss (Doc. #16), filed on

16    December 8, 2010.  Plaintiff filed an Opposition (Doc. #23) on January 24, 2011.

17    Defendants filed a Reply (Doc. #24) on February 3, 2011.  The Court held a hearing on the

18    motion on April 11, 2011 (Doc. #28).

19    **I.  BACKGROUND**

20              This is an excessive force case against Defendant North Las Vegas Police

21    Department ("NLVPD") and several of its officers, Defendants Jake Hickman

22    ("Hickman"), Shayne Skipworth ("Skipworth"), Gary Nellis ("Nellis"), "Investigator

23    Garcia" ("Garcia"), Michael Blackwell ("Blackwell"), and George Middlebrook

24    ("Middlebrook").  Plaintiff also asserts claims against the City of North Las Vegas ("City")

25    and its Chief of Police, Joseph Forti ("Forti"), for failure to train and supervise NLVPD

26    police officers, and for having a policy and custom of harassing African-Americans.

Plaintiff Phyliss Huff alleges that on August 22, 2008, at approximately 9:30 p.m., she was lawfully operating her car and had broken no laws when Hickman, Skipworth, Nellis, and Garcia pulled her over, removed her from her vehicle, and "struck and beat Plaintiff about her face and body," even though she had committed no crime and did not resist the officers.  (Compl. (Doc. #1) at 4-5.)  These officers thereafter detained Plaintiff for over four hours without a warrant, probable cause, or other justification.  (Id.)  Plaintiff alleges this beating and detention took place with Blackwell's and Middlebrook's "pre-authorization and approval."  (Id. at 5.)  Plaintiff alleges Defendants acted "as a part of the overall plan to contact, detain and physically abuse any occupant of 8704 Azure Sky Drive, irrespective of whether the person committed any crime or was suspected of committing a crime."  (Id.)

Plaintiff brings this action asserting federal civil rights violations against the six officers involved in the incident for excessive force (count one) and conspiracy to violate civil rights (count two); against Forti for failure to train and supervise the officers (count three); and against the City of North Las Vegas and NLVPD for failure to adequately train and supervise the officers, for covering up the incident by falsely claiming Plaintiff never was contacted by the officers, and by failing to investigate the incident (count four).  Plaintiff also asserts state law claims for battery (count five) and intentional infliction of emotional distress (count six) against the four officers at the scene.  Finally, Plaintiff brings a state law negligent training and supervision claim against the City of North Las Vegas, NLVPD, and Forti (count seven).

Defendants City of North Las Vegas, NLVPD, Skipworth, Hickman, Garcia, and Middlebrook[1] now move to dismiss.  Defendants argue that Plaintiff's civil rights claims

---

[1] The City originally accepted service for all Defendants except Forti and Blackwell (Doc. #9-15).  At the hearing, Defendants' counsel advised the Court that counsel would represent all Defendants, and orally moved for the Court to join Forti and Blackwell in the present motion.  The

must be dismissed to the extent Plaintiff references and relies upon the Eighth Amendment because she does not allege she was ever punished for any crime.  Defendants also argue NLVPD must be dismissed as a Defendant because it is not a separate legal entity capable of being sued.  Overall, Defendants argue Plaintiff's claims lack factual allegations and are merely conclusory recitations of the elements.  Defendants also contend they have discretionary immunity for the state law claims under Nevada Revised Statutes § 41.032.

Plaintiff responds by conceding she has no Eighth Amendment claim and by agreeing that NLVPD is not a proper Defendant.  Plaintiff argues that she adequately provided a short and plain statement as required.  Finally, Plaintiff contends Defendants are not entitled to discretionary immunity.

**II. DISCUSSION**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Id. at 555.

**A.  Eighth Amendment and NLVPD**

Plaintiff concedes that she has no Eighth Amendment claim under the facts

Court grants the oral motion.

3

1   alleged in the Complaint and she concedes that NLVPD is not a separate entity capable of

2   being sued in its own right.  The Court therefore will grant the motion to dismiss any

3   reference to the Eighth Amendment and will dismiss NLVPD as a defendant.

4   **B. Conspiracy**

5   Plaintiff's conspiracy claim is deficient because she fails to allege racial or other

6   class-based invidiously discriminatory animus.  42 U.S.C. § 1985; Thornton v. City of St.

7   Helens, 425 F.3d 1158, 1168 (9th Cir. 2005); Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir.

8   2001).  She does not allege her own membership in a class, or that Defendants' conduct was

9   aimed at depriving her of equal protection based on her membership in that class.  Rather,

10  she alleges Defendants agreed to stop and harass anyone who visited a certain address.

11  Defendants contend this last allegation should preclude amendment as futile because

12  Plaintiff's own allegations give a reason for Defendants' conduct that is not based on

13  invidious race-based discrimination.  However, the Court will not foreclose the possibility

14  that Plaintiff could allege facts supporting race-based animus.  The Court therefore will

15  grant leave for Plaintiff to amend to allege Plaintiff's race and any factual allegations

16  supporting race-based discriminatory animus.

17  **C. Municipal Liability**

18  Plaintiff has failed to allege facts that Defendant City has a policy or custom of

19  harassing African-Americans to support municipal liability.  Monell v. Dep't of Soc. Servs.,

20  436 U.S. 658, 690-91 (1978).  Plaintiff argues that because these Defendants have been

21  sued many times in the past, that demonstrates Defendant City has a policy or custom of

22  harassing African-Americans, or at least condoning such conduct by its officers.  However,

23  Plaintiff makes no allegations in the Complaint regarding past lawsuits, and in her brief

24  opposing dismissal, the only case to which Plaintiff refers is Symonette v. City of North Las

25  Vegas, 2:07-CV-01273-PMP-LRL.  The Court granted summary judgment in favor of the

26  defendants in Symonette.  The Court will grant leave for Plaintiff to amend this claim, but

4

1  Plaintiff must allege facts supporting the claim, and cannot rely on a single case in which

2  Defendants prevailed to support this claim.

3       **D.  Immunity**

4       The Court will dismiss with prejudice Plaintiff's state law negligent hiring,

5  training, and supervision claim.  Deciding who to hire, and how to train and supervise

6  employees, are discretionary decisions.  Nev. Rev. Stat. § 41.032(2); Martinez v.

7  Maruszczak, 168 P.3d 720, 729 (Nev. 2007); Vickers v. United States, 228 F.3d 944, 950

8  (9th Cir. 2000).

9       However, the Court will deny the motion to dismiss Plaintiff's battery claim.

10  Plaintiff alleges Defendants detained her without probable cause and beat her without

11  justification even though she was compliant.  Acts which violate the Constitution are not

12  discretionary.  Nurse v. United States, 226 F.3d 996, 1002 (9th Cir. 2000) ("In general,

13  governmental conduct cannot be discretionary if it violates a legal mandate."); see also U.S.

14  Fidelity & Guar. Co. v. United States, 837 F.2d 116, 120 (3d Cir. 1988) (stating that

15  "conduct cannot be discretionary if it violates the Constitution, a statute, or an applicable

16  regulation" because federal officials "do not possess discretion to violate constitutional

17  rights or federal statutes").

18       Additionally, Plaintiff has alleged facts supporting a finding that Defendants

19  acted in bad faith by agreeing beforehand to stop and physically abuse any person entering

20  and leaving a particular residence, regardless of reasonable suspicion, probable cause, or

21  justification for the use of force.  Such a course of conduct would not be an abuse of

22  discretion in the sense that officers were mistaken about the existence of justification for the

23  stop or the need for a certain amount of force.  Rather, Plaintiff alleges Defendants decided

24  beforehand that anyone visiting the address in question would be stopped and physically

25  abused regardless of whether any legal basis existed to do so.  See Falline v. GNLV Corp.,

26  823 P.2d 888, 891 (Nev. 1991); see also Davis v. City of Las Vegas, 478 F.3d 1048, 1060

1  (9th Cir. 2007).  Although Defendants argue that Nevada no longer recognizes a bad faith

2  exception, the Nevada Supreme Court has applied Falline post-Martinez.  City of Boulder

3  City v. Boulder Excavating, Inc., 191 P.3d 1175, 1182 (Nev. 2008) (quoting Falline, 823

4  P.2d at 892 n.3).

5        Finally, the Court will dismiss Plaintiff's intentional infliction of emotional

6  distress claim with leave to amend to allege facts supporting each element of this claim.  As

7  with the battery claim, such a claim, properly pled, could fall within the bad faith exception

8  to discretionary immunity.

9  **III. CONCLUSION**

10       IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #16)

11  is hereby GRANTED in part and DENIED in part.  The motion is granted with prejudice as

12  to any Eighth Amendment claim, as to any claim against Defendant North Las Vegas Police

13  Department, and as to the negligent hiring, supervision, and training claim in count seven.

14  The motion is granted without prejudice as to the conspiracy claim in count two, municipal

15  liability in count three, and the intentional infliction of emotional distress claim in count six.

16  The motion is denied in all other respects.

17       IT IS FURTHER ORDERED that Plaintiff Phyliss Huff shall file an amended

18  complaint on or before May 12, 2011.

19

20  DATED: April 13, 2011

21

22  _____

23  PHILIP M. PRO
    United States District Judge

24

25

26